```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JASON COHEN,                                  :
                                              :
                        Plaintiff,            :
                                              :
            -against-                         :          SUMMARY ORDER OF REMAND
                                              :          17-CV-4491 (DLI) (RER)
WERNER CO.,                                   :
                                              :
                        Defendant.            :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief Judge:**

On July 31, 2017, defendant Werner Co. ("Defendant") filed a petition to remove this action from the Supreme Court for the State of New York, Richmond County to this Court (the "Petition," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

On July 3, 2017, plaintiff Jason Cohen ("Plaintiff") commenced this action in state court alleging claims relating to his fall from an attic ladder allegedly manufactured and sold by Defendant. (Complaint ("Compl.").) On July 31, 2017, Defendant removed the action to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a)(1). Specifically, Defendant argues that there is complete diversity of citizenship between the parties and that "[a] demand was made by Plaintiff, pre-lawsuit, in excess of $75,000.00." (Petition at ¶¶ 8-9.) Beyond that, neither the Petition nor the Complaint contains any allegations of fact establishing the amount in controversy. Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the

state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the jurisdictional amount element of diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In this case, Defendant fails to meet its

burden to show that the jurisdictional amount has been satisfied, as it relies solely on an unsubstantiated assertion that Plaintiff made a demand, pre-lawsuit, in excess of $75,000.00.

Defendant's assertion does not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. First, even accepting Defendant's assertion as true, Plaintiff's demand pre-lawsuit does not mirror necessarily what Plaintiff will seek at trial. Plaintiff may have reassessed the amount of damages sought between his pre-lawsuit demand and instituting suit. *See Burg v. Primal Vantage Co.,* 2014 WL 448519, at *5 (W.D.N.Y. Feb. 4, 2014), *report and recommendation adopted,* No. 13-CV-1121S, 2014 WL 1609658 (W.D.N.Y. Apr. 22, 2014) ("Pre-suit settlement demand letters can be unreliable as a gauge of an amount in controversy because, coming before any suit and thus before any 'controversy,' they may contain any number of motives and negotiating tactics that have nothing to do with assessing the value of a formally pled case.")

Second, Defendant provides no documentation substantiating its assertion, such as written evidence of Plaintiff's demand. Third, Defendant does not allege any details of Plaintiff's pre-lawsuit demand. Defendant does not apprise the Court of whether this was an oral or a written demand, nor does Defendant specify how much Plaintiff demanded. Finally, Defendant's counsel has not filed a sworn affidavit attesting to Plaintiff's alleged demand. Defendant's bare allegation that "[a] demand was made by Plaintiff, pre-lawsuit, in excess of $75,000.00" is not reasonably probable to warrant removal. *See also Branford Paint Ctr., Inc. v. PPG Architectural Finishes, Inc.,* 2007 WL 329115, at *2 (D. Conn. Feb. 1, 2007) ("Although some courts have considered settlement demands in determining the amount in controversy, they have done so with caution. A settlement demand does not conclusively resolve the ambiguity regarding the amount in controversy.")

The Complaint itself is silent as to damages. Plaintiff's reference to damages "in an amount that exceeds the jurisdictional limits of all lower courts," clearly refers to the lower courts of New York State, which may not entertain actions seeking to recover more than $25,000. *See Woodley v. Massachusetts Mut.*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995); *see Woodley*, 2008 WL 2191767 at *2 n.3 (collecting cases). That Plaintiff chose to file his case in the state court with no jurisdictional limit does not support, in any way, Defendant's assertion that Plaintiff seeks more than $75,000.

Moreover, neither the Complaint nor the Petition provides any information concerning the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses he purportedly suffered. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations that Plaintiff "was caused to sustain serious injuries and to have suffered pain, shock and mental anguish . . . these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention." (Compl. at ¶ 23.) Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.")

The Court notes that Defendant was not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to CPLR § 3017(c), a defendant "may at any time request a

4

supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the "supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." *Id.* Rather than prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that based on the information contained in the Complaint and the Petition, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Richmond County, under Index No. 151491/2017.

SO ORDERED

Dated: Brooklyn, New York  
      August 3, 2017

                                                    /s/  
                                              Dora L. Irizarry  
                                                Chief Judge