UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JASON COHEN,                                              Docket No.:  17-cv-4491

                              Plaintiff,

                                                          **WERNER CO.'s ANSWER TO**
              -against-                                   **VERIFIED COMPLAINT**

WERNER CO.,

                              Defendant.
-----------------------------------------------------------------------X

         Defendant WERNER CO. by its attorneys Lewis Brisbois Bisgaard & Smith, LLP, as and for

its Answer to Plaintiff's Verified Complaint, respectfully states upon information and belief as

follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF JASON COHEN

1.       At all times herein mentioned, Plaintiff Jason Cohen, was, and still is, a resident of

the County of Richmond, State of New York.

                 **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the

                 truth of the allegations contained in paragraph "1" of the Verified Complaint.

2.       That all times hereinafter mentioned, and upon information and belief, the defendant,

Werner Co., transacted business within the state of New York.

                 **RESPONSE:** Admits the allegations contained in paragraph "2" of the Verified

                 Complaint.

3.       That at all times hereinafter mentioned, and upon information and belief; the

defendant, Werner Co., filed a certificate of incorporation with the Secretary of the State of New

York.

> **RESPONSE:** Admits the allegations contained in paragraph "3" of the Verified Complaint.

4.      At all times hereinafter mentioned, and upon information and belief, the defendant, Werner Co., was a domestic, unincorporated business entity.

> **RESPONSE:** Denies the allegations contained in paragraph "4" of the Verified Complaint.

5.      At all times hereinafter mentioned, and upon information and belief, the defendant, Werner Co., was a foreign corporation duly authorized to do business in the State of New York

> **RESPONSE:** Admits that Werner Co. is a foreign corporation permitted to transact business in the State of New York.

6.      At all times hereinafter mentioned, and upon information and belief, the defendant, Werner Co., maintained a place of business within the state of New York.

> **RESPONSE:** Denies the allegations contained in paragraph "6" of the Verified Complaint.

7.      At all times hereinafter mentioned, and upon information and belief, the defendant, Werner Co., was a foreign corporation organized and existing by virtue of the laws of the sister state.

> **RESPONSE:** Admits the allegations contained in paragraph "7" of the Verified Complaint.

8.      At all times hereinafter mentioned, and upon information and belief, the defendant, Werner Co., was a foreign corporation transacting business in the State of New York, pursuant to Article 3 of the CPLR.

> **RESPONSE:** Admits the allegations contained in paragraph "8" of the Verified Complaint.

9.      That at all the times herein mentioned, the defendant Werner Co., was and still is a corporation doing business in the State of New York.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Verified Complaint, except admits Werner is a foreign corporation permitted to transact business in the State of New York and refers all questions of law to the Court.

10.     Upon information and belief, at all the times hereinafter mentioned, defendant Werner Co., was and still is a foreign corporation duly organized and existing under and by virtue of the laws and conducts business in the State of New York.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Verified Complaint, except admits Werner is a foreign corporation permitted to transact business in the State of New York and refers all questions of law to the Court.

11.     That Defendant, Werner Co., committed a tortious act within the State of New York.
> **RESPONSE:** Denies the allegations contained in paragraph "11" of the Verified Complaint.

12.     That Defendant, Werner Co., regularly does, or solicits, business in the State of New York.
> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Verified Complaint, and refers all questions of the law to the Court.

13.     That Defendant Werner Co., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the
> truth of the allegations contained in paragraph "13" of the Verified Complaint, and
> refers all questions of the law to the Court.

14.     That at all times herein mentioned the Defendant Werner Co., was in the business of manufacturing, distributing and selling attic ladders for the purpose of sale and use to the general public.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the
> truth of the allegations contained in paragraph "14" of the Verified Complaint,
> except admits that at certain times Werner has and does manufacture and sells certain
> attic style ladders and refers all questions of law to the Court.

15.     That the Defendant, Werner Co., manufactured, produced, distributed and sold a certain product known as attic ladder Model #AH2510B, Mark Number Mk2.

> **RESPONSE:** Admits the allegations contained in paragraph "15" of the Verified
> Complaint.

16.     That at all times herein mentioned, and prior to November 27, 2015, the Defendant, Werner Co., manufactured, sold, distributed and delivered to various retailers the above mentioned product.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the
> truth of the allegations contained in paragraph "16" of the Verified Complaint,
> except admits that at certain times Werner sold a certain product known as attic ladder
> Model #AH2510B, Mark Number MK2 to certain vendors.

17.     On, before, and after the date of the incident, the Defendants attic ladder was purchased and installed in the plaintiff's home.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the
> truth of the allegations contained in paragraph "17" of the Verified Complaint.

18.     That Defendant, Werner Co., warrantied and labeled its product and provided certain written instructions on said label in connection with the use of the product.

> **RESPONSE:** Denies the truth of the allegations contained in paragraph "18" of the
> Verified Complaint, except admits that certain labels containing written instructions
> and warnings were affixed to the product.

19.     That on November 27, 2017 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the
> truth of the allegations contained in paragraph "19" of the Verified Complaint.

20.     That the aforementioned ladder was defectively designed.

> **RESPONSE:** Denies the allegations contained in paragraph "20" of the Verified
> Complaint.

21.     That the aforementioned ladder was defectively made.

> **RESPONSE:** Denies the allegations contained in paragraph "21" of the Verified
> Complaint.

22.     That the aforesaid accident was caused solely and wholly by reason that Defendant, Werner Co., breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

> **RESPONSE:** Denies the allegations contained in paragraph "22" of the Verified
> Complaint.

23.     That by reason of the foregoing, Plaintiff Jason Cohen was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical

care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiffs normal activities and duties and has sustained a resultant loss therefrom.

> **RESPONSE:** Denies the allegations contained in paragraph "23" of the Verified Complaint.

24. That this action falls within one or more exception set forth in § 1602 of the CPLR.

> **RESPONSE:** Denies the truth of the allegations contained in paragraph "24" of the Verified Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF JASON COHEN**

25. Plaintiff Jason Cohen repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

> **RESPONSE:** Repeats and reiterates each and every response to the allegations contained in paragraphs " 1" through "24" of Plaintiff's Verified Complaint with the same force and effect as if set forth herein at length.

26. That the said product was defective and that *said* defect was a substantial factor in causing the injury to the Plaintiff.

> **RESPONSE:** Denies the allegations contained in paragraph "26" of the Verified Complaint.

27. That on November 27, 2015, Plaintiff Jason Cohen, used the said product for the purpose and use normally intended.

> **RESPONSE:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Verified Complaint.

28. That on November 27, 2015, while Plaintiff Jason Cohen was using the said product causing Plaintiff to suffer severe bodily injuries.

**RESPONSE:** Denies the allegations contained in paragraph "28" of the Verified Complaint.

29.     That by reason of the foregoing, the Defendant, Werner Co., its agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

**RESPONSE:** Denies the allegations contained in paragraph "29" of the Verified Complaint.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
<u>ON BEHALF OF JASON COHEN</u>

30.     Plaintiff Jason Cohen, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

**RESPONSE:** Repeats and reiterates each and every response to the allegations contained in paragraphs " 1" through "29" of Plaintiff's Verified Complaint with the same force and effect as if set forth herein at length.

31.     That Plaintiff Jason Cohen was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, Werner Co,, its agents, servants, employees and/or licensees in improperly and negligently manufacturing, producing and distributing said product for use by the general public; and in otherwise being careless and negligent.

**RESPONSE:** Denies the allegations contained in paragraph "30" of the Verified Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any injuries or damages sustained by Plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of Plaintiff and not as a result of any negligence and/or culpable conduct on the part of WERNER CO.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against WERNER CO., and must therefore be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom WERNER CO. did not and was not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That in the event Plaintiff recovers a verdict or judgment against WERNER CO., then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The liability of WERNER CO., if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including to be named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff, which are expressly denied, were not proximately caused by WERNER CO.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join (a) necessary party(ies).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein, is barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief the injuries or damages alleged by Plaintiff, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of WERNER CO.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, WERNER CO. did not have any legal duty to Plaintiff nor did WERNER CO. violate any duty which may be found to exist.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, WERNER CO. was not guilty of and is not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiff complains.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged injuries.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of his own conduct.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The defendant WERNER CO. owed no duty or responsibility to safeguard the Plaintiff and exercised no control over his activities.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

At the time of the alleged incident, the Plaintiff was engaged in activity which he knew to be hazardous in nature and, therefore, the Plaintiff assumed the risk and consequences inherent in such activity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Liability against defendant WERNER CO. is precluded by the state of the art defense, the obvious-danger/consumer expectations defense, and the unavoidably unsafe defense.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The incident, the injuries, and the damages complained of were caused by the unauthorized, unintended, improper, and/or negligent use or abuse of the product and as the result of Plaintiff's failure to exercise reasonable and ordinary care, caution, or vigilance.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, WERNER CO. will be entitled to the reduction of any damages that may be determined to be due against WERNER CO.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

WERNER CO. made no warranties to Plaintiff.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by WERNER CO., WERNER CO. breached no warranties.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by WERNER CO., the incident and all injuries and damages occurred after all applicable warranties expired.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by WERNER CO., any liability for the injuries and damages sought by plaintiff are disclaimed by warranties accompanying the product at the time of sale.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Liability against WERNER CO. is precluded because the product complained of complied with design specifications, formulae and performance standards of the manufacturer and otherwise identical units manufactured to the same design and/or manufacturing specifications, formulae and/or performance standards.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Liability against WERNER CO. is precluded because the product complained of was not designed, manufactured or sold in a defective manner.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Liability against WERNER CO. is precluded because the product complained of contained adequate warnings and instructions.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Although WERNER CO. denies that the product complained of was unsafe or dangerous in any way, to the extent the product complained of is determined to be so, liability is precluded against WERNER CO. because plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The product complained of was substantially altered, modified, and/or changed by Plaintiff or some other person after its manufacture and sale.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The incident, the injuries, and the damages complained of were caused by the unauthorized, unintended, improper, and/or negligent use or abuse of the product and as the result of plaintiff's failure to exercise reasonable and ordinary care, caution, or vigilance.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to obtain coverage available to him under the Affordable Care Act as an individual or as a family member, which he is eligible to obtain, then Plaintiff has failed to mitigate his damages and cannot recover for such failure.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to take reasonable steps to protect himself from medical costs, health care or life care costs or to avail himself of the resources, service benefits and coverage available to him under the Affordable Care Act, then Plaintiff failed to mitigate his damages and cannot recover for such failure.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

With regard to Plaintiffs failure to mitigate his damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to Plaintiff under the Affordable Care Act, and will offer proof of the medical costs which Plaintiff will not incur under the Affordable Care Act.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

WERNER CO. presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses.  WERNER CO. reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, Defendant WERNER CO., respectfully demands judgment: a) dismissing the Complaint in its entirety, and b) awarding the costs and expenses of this litigation, including attorneys' fees.

Dated: New York, New York
    August 4, 2017

                                    **LEWIS BRISBOIS BISGAARD & SMITH
                                    LLP**
                                    *Attorneys for Defendant,
                                    WERNER CO.*

                                    _____
                                    David M. Pollack
                                    Michael N. Giacopelli
                                    77 Water Street, Suite 2100
                                    New York, New York 10005
                                    Tel:  (212) 232-1300

To:

Law Offices of Joseph A. Romagnolo, Esq.
400 St. Marks Place
Staten Island, New York 10301
(718) 720-3300
*Attorneys for Plaintiff*

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )    ss:
COUNTY OF NEW YORK      )

       DAVID M. POLLACK, being duly sworn, deposes and says:

       That he is a partner of the law firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys representing Defendant WERNER CO., that he has read the attached Verified Answer to the Verified Complaint and the same is true to his own belief, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

       That this Verification is made by deponent because his client does not reside within the county where the deponent maintains his office.

Dated: New York, New York
       August 4, 2017

 

_____
David M. Pollack

## CERTIFICATE OF SERVICE

David M. Pollack, an attorney duly admitted to practice before this Court, certifies that on August 4, 2017, he caused the within **DEFENDANT WERNER CO.'s ANSWER TO VERIFIED COMPLAINT** to be served upon the attorneys for plaintiff at the address set forth above by first class mail.

_____

David M. Pollack